1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,                                    MDL NO. 1407

7

8

_____        ORDER DENYING PLAINTIFFS'
                                        MOTION TO VACATE

9

10

11

12

This document relates to:
*Dunlap v. Bayer*, C04-14;
*Scott v. Bayer*, C04-354;
*Thigpen v. Bayer,* C04-19;
*Rawls v. Bayer*, C04-352;
*Rainey v. Bayer*, C04-741;
*Tate v. Bayer*, C04-740;
*Lauderdale v. Bayer*, C04-739

13

14      This matter comes before the court on the above-named

15  plaintiffs' motion to vacate this court's dismissal order of

16  December 3, 2004. Having reviewed the briefs filed in support of

17  and opposition to the motion, the court finds and rules as

18  follows.

19      On December 3, 2004, the court dismissed the above-named

20  cases for failure of plaintiffs to timely serve a completed fact

21  sheet in accordance with Case Management Order 6 ("CMO 6"). The

22  fact sheets in some of these cases were due on March 19, 2004,

23  and on March 25, 2004 in the others. Defendants did not receive

24  fact sheets in any of the cases by the appropriate date, and sent

25  warning letters, as provided by CMO 6, allowing an additional 30

26  days for plaintiffs to complete and serve the fact sheets. Having

ORDER
Page - 1 -

1  not received the fact sheets by June 8, 2004, Wyeth moved on

2  behalf of all defendants to dismiss for failure to comply with

3  CMO 6. The court granted the motions on December 3, 2004.

4      Plaintiffs now move, some eight months after dismissal, for

5  the court to vacate those dismissal orders under Fed. R. Civ. P.

6  60(b). That rule provides in relevant part that a party may seek

7  relief from a court's final judgment for "mistake, inadvertence,

8  surprise or excusable neglect."

9      Plaintiffs submit that they served their fact sheets on

10  defendants on July 8 and 9, 2004, and that they were therefore in

11  compliance with CMO 6. Defendants do not dispute that plaintiffs

12  served the fact sheets on July 8 and 9, 2004.[1] As the court has

13  held before, however, production of the fact sheets months late,

14  and only after a defendant has been forced to move to dismiss, is

15  not "compliance" with CMO 6. *See, e.g.*, October 24, 2003 Order

16  Granting Motion to Dismiss With Prejudice. Any "mistake" in the

17  court's understanding of the facts at the time of dismissal was

18  therefore not material.

19      Moreover, this motion comes some eight months after dis-

20  missal, and almost a year and a half after the fact sheets were

21  originally due. Plaintiffs' counsel's excuse for the eight-month

22  lag is that she was immersed in trial preparation on another

23  case, and that though she does recall receiving notice of the

24

25      [1]Defendants do dispute that the fact sheets were
"substantially complete" as required by CMO 6, though this
26  question is not before the court.

ORDER
Page – 2 –

1 dismissals, "seeing no names that looked familiar, [she] put it

2 aside." Affidavit of Suzanne Keys, ¶ 4. Even if this explanation

3 were adequate, which it is not, it would do little to temper the

4 prejudice that defendants would experience if the court were to

5 require them to resume litigation on these cases after a

6 seventeen-month delay.

7        Plaintiffs have failed to demonstrate that they are entitled

8 to relief under Fed. R. Civ. P. 60(b). For the foregoing reasons,

9 their motion to vacate is hereby DENIED.

10

11        DATED at Seattle, Washington this 16th day of August, 2005.

12

13                    BARBARA JACOBS ROTHSTEIN
                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page – 3 –